**ROHM AND HAAS COMPANY,**
**Appellant,**

v.

**INTERNATIONAL TRADE COMMIS-
SION and Standard Oil Company
(SOHIO), Appellees.**

**NIPPON SHOKUBAI KAGAKU KOGYO
CO., LTD., Appellant,**

v.

**INTERNATIONAL TRADE COMMIS-
SION and Standard Oil Company
(SOHIO), Appellees.**

Appeal Nos. 77–2 and 77–4.

United States Court of Customs
and Patent Appeals.

Decided May 12, 1977.

Dale H. Hoscheit, Washington, D.C., Schuyler, Birch, Swindler, McKie & Beckett, Washington, D.C., George W. F. Simmons, Philadelphia, Pa., Rodger L. Tate, Washington, D.C., attorneys of record, for appellant.

Warren L. Dean, Jr., Jeffrey Lang, attorneys of record, for International Trade Comm.

Ritchie T. Thomas, Eben G. Crawford, Cleveland, Ohio, Heather Kirkwood, attorneys of record, for appellees.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

PER CURIAM.

This case involves appeals under 19 U.S.C. § 1337(c) filed by Rohm and Haas Company (ROHM) and by Nippon Shokubai Kagaku Kogyo Co., Ltd. (NSKK), for judicial review of the order of the United States International Trade Commission (ITC) entered October 15, 1976, in Investigation No. 337–TA–20. In that proceeding, Standard Oil Company (SOHIO) filed a motion for an order granting SOHIO leave to dismiss without prejudice, terminating the investigation and ordering the return of certain documents. The ITC order stated that the motion to dismiss was granted. The order did not state whether the dismissal was with or without prejudice. The appeals here have now been consolidated. We have before us the motion filed by ITC and SOHIO to dismiss the consolidated appeals, the joint ROHM and NSKK motion for consolidated briefing of the appeals, and the motion to strike filed by SOHIO and the ITC. After due consideration of the ROHM and the NSKK memoranda opposing dismissal, we grant the appellees' motion to dismiss. Therefore, we need not reach the motion to strike and the motion relative to briefing.

In 1975 SOHIO filed a complaint with ITC seeking to exclude from import into this country a certain catalyst alleging that it infringed SOHIO patents.* The ITC ordered an investigation. During pre-hearing

* U.S. Patents No. 2,941,007, issued June 14, 1960, and No. 3,642,930, issued February 15, 1972.

discovery SOHIO determined that ROHM had already imported sufficient catalyst for its Houston plant and that the foreign producer had licensed ROHM to manufacture the catalyst in the United States. SOHIO then filed its motion as noted above. ROHM and NSKK urge that the ITC order is not a determination whether or not there has been a violation of section 337 of the Tariff Act of 1930, *as amended by* the Trade Act of 1974, 19 U.S.C. § 1337.

Section 337(c) of the Act states that "[a]ny person adversely affected by a final determination of the Commission [ITC] under subsection (d) or (e) [of this section] may appeal such determination to the United States Court of Customs and Patent Appeals." ROHM and NSKK contend that they have been injured because the ITC proceeding was terminated without a final determination as to whether or not section 337 had been violated. We conclude, however, that such a determination was made. The ITC Memorandum Opinion (R.894) states:

> [W]e have concluded from complainant's motion that complainant has conceded that the unfair methods of competition and unfair acts alleged to exist in the importation of certain bismuth molybdate catalysts have no effect or tendency which is to destroy or substantially injure the relevant industry in the United States. On the basis of the above conclusion, we have determined that there is no violation of section 337 in this investigation.

Thus, the ITC made a final determination that the past conduct of ROHM and NSKK did not violate section 337 in that the importations had "no effect or tendency . . to destroy or substantially injure the relevant industry in the United States." Appellants have not been injured by this determination. The making of such determination is clearly inconsistent with the granting of a motion to dismiss "without prejudice." Therefore, we conclude that the order to terminate the investigation and to dismiss was with prejudice to SOHIO.

In considering the issue of whether or not ROHM and NSKK have the necessary *standing* to further litigate these appeals, we, as an Article III court, are guided by the fact that Article III judicial power exists only to redress or to otherwise protect against injury. See *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). In essence the question of standing is whether the litigant is entitled to have the court decide the dispute. It focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. To establish standing, a complaining party must show that he has suffered an injury to himself that is likely to be redressed by a revised decision. *Arlington Heights v. Metro Housing Development Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Absent such a showing of injury, exercise of power by a federal court would be gratuitous and thus inconsistent with the Article III limitation.

Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702, is relevant. Similar to section 337(c) of the Tariff Act, it states, *inter alia,* that any person *adversely affected* or *aggrieved* by agency action within the meaning of a relevant statute (section 337(c) in the present case) is entitled to judicial review. Adversely affected or aggrieved requires a showing of *injury in fact* as a sine qua non for standing. See *Sierra Club v. Morton,* 405 U.S. 727, 733, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

It is also argued by appellants that since ITC apparently terminated the proceedings without prejudice, SOHIO will be free to institute future proceedings before the ITC if the foreign producer decides to resume sending the catalyst to the U.S. and/or if ROHM decides to resume purchasing such catalyst from abroad. This, appellants contend, constitutes an injury in fact. However, as discussed above, the ITC's determination of no section 337 violation is inconsistent with the granting of a dismissal without prejudice. Moreover, attempting

to anticipate whether and when ROHM might decide to resume importing and whether and when SOHIO might institute a future proceeding before the ITC takes us into an area of pure speculation and conjecture. Such an abstract or speculative injury is insufficient to satisfy the required injury in fact. See *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

The cases cited by appellants that relate to dismissals without prejudice in federal district courts are inapposite. Those cases involved dismissals without a determination of the substantive issues whereas in the present case the ITC made a determination that there was no violation of section 337.

The remaining allegations of injury, viz., the expense of recreating attorneys' work product, the cost of future lawsuits, and the chilling effect that threatened future lawsuits might have on a producer's ability to compete with SOHIO fall into the same category as those previously discussed. All are hypothetical and require speculation as to what may or may not happen at some unknown future date.

Finally, it appears to us that the essence of appellants' dissatisfaction with the ITC's final determination may be that the issues of the validity and enforceability of the SOHIO patents were not reached. Since the ITC found in favor of appellants and since injury in fact has not otherwise been established, such dissatisfaction cannot, by itself, satisfy the injury in fact requirement for standing.

The consolidated appeal is *dismissed*.